# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| VIVIAN DIETZ-CLARK, | |
| Plaintiff, | 3:15-CV-00035 JWS |
| vs. | ORDER AND OPINION |
| HDR, INC.; HDR LTD INC. PLAN; and UNITED OF OMAHA LIFE INSURANCE CO., | [Re: Motion at docket 11] |
| Defendants. | |

## I. MOTION PRESENTED

At docket 11, Defendants HDR, Inc. ("HDR"), HDR LTD Inc. Plan ("LTD Plan"), and United of Omaha Life Insurance Co. ("United of Omaha"; collectively, "Defendants") filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Vivian Dietz-Clark ("Dietz-Clark" or "Plaintiff") responds at docket 12. Defendants reply at docket 17. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

Dietz-Clark worked as a right-of-way specialist for HDR. She alleges that beginning on July 30, 2012, she suffered from various medical conditions that affected

her ability to work. She underwent surgery for a pacemaker on August 12, 2012. Afterwards, she had difficulty keeping up with her work. She received short-term disability benfits for a few months, and then in late October of 2012, she applied for long-term disability benefits with United of Omaha under HDR's long-term disability plan, the LTD Plan. The LTD Plan is an employee benefits plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA").[1] By letter dated February 28, 2013, United of Omaha denied her claim for long-term disability benefits and informed her that she had 180 days to appeal the decision. She did not file an appeal because, according to the complaint, she had hoped to rehabilitate herself.

On January 16, 2015, Dietz-Clark, through her attorney, requested that United of Omaha reopen her claim. She conceded that she had not appealed the denial within 180 days, but argued that the missed deadline was not fatal to her request because of Alaska's "notice-prejudice rule," which is not preempted by ERISA based on *UNUM Life Insurance Co. v. Ward*.[2] United of Omaha declined to reopen the claim. This lawsuit followed.

### III. STANDARD OF REVIEW

Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims. In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[3] To be assumed true, the allegations "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."[4] Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts

---

[1] 29 U.S.C. §§ 1001 *et seq.*

[2] 526 U.S. 358 (1999).

[3] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[4] *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

alleged under a cognizable legal theory."[5]  "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[6]

To avoid dismissal, a plaintiff must plead facts sufficient to "'state a claim to relief that is plausible on its face.'"[7]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[9]  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[10]  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[11]

### IV.  DISCUSSION

Defendants argue that Plaintiff's lawsuit should be dismissed because of her failure to exhaust the LTD Plan's administrative remedies.  Indeed, as a general rule an ERISA "claimant must avail himself or herself of a plan's own internal review

---

[5]*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[6]*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[7]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[8]*Id.*

[9]*Id.* (citing *Twombly*, 550 U.S. at 556).

[10]*Id.* (quoting *Twombly*, 550 U.S. at 557).

[11]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Starr*, 652 F.3d at 1216.

procedures before bringing suit in federal court."[12] An ERISA claimant's failure to file a timely administrative appeal from a denial of benefits constitutes a failure to exhaust administrative remedies.[13] Here, in accordance with ERISA regulations, Plaintiff had 180 days from the denial of her claim in which to file an appeal.[14] It is undisputed that she failed to do so, and thus, her 2015 request to appeal her claim was untimely. However, Plaintiff argues that her appeal should not be considered late or at least should be excused because Alaska's "notice-prejudice rule" applies to override the contractual time limit set forth in the LTD Plan unless United of Omaha can demonstrate prejudice as a result of her delay. Thus, she argues that her attempted appeal in 2015, which United of Omaha unduly refused to consider, sufficiently exhausted her administrative remedies.

      ERISA supercedes any state laws relating to employee benefit plans,[15] but it does not preempt state laws that regulate the insurance industry.[16] In *UNUM*, the Supreme Court held that California's notice-prejudice rule—under which an insurer cannot deny a claim based on an untimely notice or proof of claim unless the insurer shows it suffered actual prejudice from the delay—was in fact a law that regulated insurance and thus escaped preemption under ERISA. The Court noted that the California notice-prejudice rule, established through case law, "effectively creates a mandatory contract term that requires the insurer to prove prejudice before enforcing a

---

[12]*Diaz v. United Agric. Emp. Welfare Benefit Plan and Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995).

[13]*See Edwards v. Briggs & Stratton Ret. Plan,* 639 F.3d 355, 362 (7th Cir. 2011).

[14]29 C.F.R. § 2560.503-1(h)(3)(I); Complaint, Doc. 1 at p. 4, ¶ 17.

[15]29 U.S.C. § 1144(a).

[16]29 U.S.C. § 1144(b)(2)(A).

timeliness-of-claim provision."[17] It then stressed that "state laws mandating insurance contract terms are saved from preemption [under ERISA]."[18]

Alaska has a notice-prejudice rule that has developed through case law. Alaska's notice-prejudice rule, like California's rule, has been applied to extend contractual notice of claim deadlines absent a showing of prejudice by an insurer.[19] Alaska has also applied the notice-prejudice rule to insurance policy provisions other than claim notice deadlines. In *Estes v. Alaska Insurance Guaranty Association*,[20] the Alaska Supreme Court held that the notice-prejudice rule applied to provisions placing time limits on the commencement of lawsuits that are shorter than the statute of limitations. That is, the court held that a contractual modification of the statute of limitations is only enforced upon a showing of prejudice. Based on *Estes* then, in order for an insurance company to base its defense on the insured's failure to bring suit in a timely manner under the contract, but within the statute of limitations, it must show that the delay caused prejudice that the time limit sought to avoid.[21] The notice-prejudice rule also applies to an insurer's attempt to use the breach of a cooperation clause in an insurance contract as a defense to a lawsuit. The insurer must show that the breach of the cooperation clause caused it prejudice.[22]

Plaintiff argues that because Alaska's notice-prejudice rule has been applied beyond just notice of claim time limitations and particularly to commencement of lawsuit

---

[17] *UNUM*, 526 U.S. at 374 (internal quotation marks omitted).

[18] *Id.* at 375.

[19] *See Weaver Bros., Inc. v. Chappel*, 684 P.2d 123 (Alaska 1984).

[20] 774 P.2d 1315 (Alaska 1989).

[21] *Id.* at 1317-18.

[22] *Id.* at 1318; *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101 (9th Cir. 2011) (stressing that under Alaska law an insured needs to be prejudiced before relying on a breach of a cooperation clause to avoid liability).

time limitations, it also applies to any time limitations in insurance policies. Thus, she argues, Alaska's law would apply to this ERISA case pursuant to *UNUM*. The court disagrees that Alaska's notice-prejudice rule is as broad as Plaintiff asserts. While Alaska has an extended notice-prejudice rule that has been applied to commencement of suit time limitations, the rule has only been applied when the insurance policy shortens the applicable statute of limitations. It has not been extended so far as to cover contractual administrative appeal deadlines, particularly in ERISA cases where the appeal deadline is required under federal regulation to be no less than 180 days, as it was here. That is, the Alaska cases "simply do not support application of the notice-prejudice rule to a deadline of a post-denial appeals process that is mandated by federal regulation."[23]

Plaintiff argues that even if the cases are distinguishable, this court must predict how the Alaska Supreme Court would apply the notice-prejudice rule to the situation presented here. She then argues that the Alaska Supreme Court would likely extend the notice-prejudice rule to an appeal deadline, because it is a deadline that was not actually bargained for but rather imposed by the insurer. As noted by Defendants, the Alaska cases developing the notice-prejudice rule involved individual insurance contracts, not ERISA group plans. The Alaska cases stressed the fact that such individual contracts are not typically bargained for but rather are unilaterally imposed by the insurer, and the cases stressed the importance of the notice-prejudice rule in protecting reasonable consumer expectations in relation to an individual insurance policy. ERISA plans, however, are different. The Supreme Court indicated in *Heimeshoff v. Hartford Life & Accident Insurance Co.,*[24] that ERISA plans should be enforced as written because "employers have large leeway to design disability and

---

[23]Doc. 17 at p. 3.

[24]134 S.Ct. 604 (2013).

other welfare plans as they see fit."[25] That is, the employer actually bargains for the plan's terms. Thus, the rationale behind the Alaska Supreme Court's notice-prejudice rule is inapplicable.[26] Also, there has been no contractual shortening of any typical deadline here. As noted above, pursuant to federal regulations, the appeal deadline cannot be shorter than 180 days, and therefore, the appeal deadline provided in the LTD Plan met any reasonable expectation of the employee.

That said, the court need not predict whether the state notice-prejudice rule would apply here. As noted by Defendants, in ERISA cases "[t]he federal court is not tasked with predicting how a state court might create insurance common law."[27] The ERISA savings clause only exempts existing state laws that regulate insurance from preemption, not hypothetical ones. In ERISA cases, the court is required to rely on federal common law.[28] As noted by the Ninth Circuit, "[t]here is no . . . federal case that has applied a notice-prejudice rule outside the initial review context. To extend the notice-prejudice rule to ERISA appeals would extend the rule substantially beyond its previous uses."[29] The court is "not inclined to make such a significant and unprecedented extension of the rule."[30]

---

[25]*Id.* at 611-12.

[26]Moreover, based on the Supreme Court's decision in *Heimeshoff*, which held that "[a]bsent a controlling statute to the contrary, a participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable," it is likely that a notice-prejudice rule that applies to a contractually shortened limitations period would be preempted in the ERISA context. 134 S. Ct. at 610.

[27]Doc. 17 at p. 4 n.3.

[28]*LeGras v. AETNA Life Ins. Co.*, 786 F.3d 1233, 1236 (9th Cir. 2015) (noting that courts are to supplement explicit provisions and general provisions set out in ERISA with a body of federal common law).

[29]*Chang v. Liberty Life Assurance Co. of Boston*, 247 Fed. App'x 875, 878 (9th Cir. 2007).

[30]*Id.*

## V. CONCLUSION

Based on the preceding discussion, Defendants' motion at docket 11 is GRANTED.

DATED this 14th day of October 2015.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE